Joseph M. Mellano (SBN 306472)
*jmellano@shufirm.com*
**SHUSTAK REYNOLDS & PARTNERS, P.C.**
401 West "A" Street, Suite 2200
San Diego, California 92101
Telephone: (619) 696-9500
Facsimile: (800) 868-9350

Timothy J. Kelly (New Jersey Bar No. 291062019)*
*tim@tjkiplaw.com*
**TJ KELLY INTELLECTUAL PROPERTY LAW, P.C.**
P.O. Box 128
Bay Head, New Jersey 08742
Telephone: (908) 203-9105
*\*pro hac vice application forthcoming*

*Attorneys for Plaintiff Schaeffler
Technologies AG & CO., KG*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—EASTERN DIVISION

| | |
|---|---|
| SCHAEFFLER TECHNOLOGIES AG & CO., KG,<br><br>Plaintiff,<br><br>v.<br><br>INDUSTRIALRESELLERS.COM, MY BEARINGS AND MORE EBAY STORE, and WILLIAM KOVACH,<br><br>Defendants. | Case No.: 5:25-cv-00605<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND DILUTION** |

In the United States District Court for the Central District of California, Eastern Division, Plaintiff Schaeffler Technologies AG & Co., KG (hereinafter "Plaintiff" or "Schaeffler") by its undersigned attorneys, complains of Defendants, namely, IndustrialResellers.com, My Bearings and More eBay Store, and William Kovach (collectively, "Defendants"), and alleges as follows:

## THE PARTIES

1.     Plaintiff Schaeffler is organized and existing under the laws of the Federal Republic of Germany and has its principal place of business at Industriestrasse 1-3, D-91074 Herzogenaurach, Germany.  Through various wholly-owned subsidiaries in the United States, including Schaeffler Group U.S.A., Inc., Schaeffler does business in the United States including in this judicial district, by offering for sale, selling, distributing, and servicing bearings and other products sold under the famous brand names FAG®, INA®, and LUK®, among others.

2.     On information and belief, Defendant Industrialresellers.com is a fictitious California business name for an entity that holds an active license to conduct business in the City of Ontario, California, with a principal place of business at 2141 E. Philadelphia Street, Unit (or Suite) P, Ontario, California, 91761, and is currently doing business at that address within this judicial district.

3.     On information and belief, Defendant My Bearings and More is an eBay online marketplace storefront, that, upon further information and belief, is associated or otherwise affiliated with Defendant Industrialresellers.com, and such eBay marketplace storefront is currently knowingly offering bearing products that are counterfeit

4.     On information and belief, the "seller" behind defendant My Bearings and More is identified as "right-path".  On further information and belief, defendant William Kovach is, in fact, "right-path", and is the principal of defendant Industrialresellers.com and defendant My Bearings and More.  On further information and belief, William Kovach resides in Ontario, California.  On further information and belief, as principal, William Kovach directs and controls the activities of, and is

1  responsible for the actions of, the defendants Industrialresellers.com and My Bearings
2  and More with respect to the infringing and counterfeiting activities alleged herein.

3       5.    On information and belief, Defendants have acted within this judicial
4  district as, *inter alia*, distributors and sellers of various types of industrial compo-
5  nents, including, without limitation, bearings.  On further information and belief, De-
6  fendants have advertised, marketed, distributed, offered for sale, and sold, within this
7  judicial district and in interstate commerce, counterfeit bearings using the registered
8  trademarks of Plaintiff.

9  <u>**JURISDICTION**</u>

10       6.    This Court has jurisdiction over the federal claims in this action under
11  the Trademark Laws of the United States, Lanham Act Sections 32, 39, and 43, 15
12  U.S.C. §§ 1114, 1121, and 1125, and the Judicial Code of the United States, 28
13  U.S.C. §§ 1331, 1338(a) and (b), and 1367.

14       7.    The Defendants are subject to personal jurisdiction in this district be-
15  cause they are present and conduct business here, because they purposely direct their
16  activities toward, and conduct business with, consumers throughout the United States,
17  including within this judicial district through, at least, an online store on the eBay e-
18  commerce online marketplace accessible at https://www.ebay.com/str/my-
19  bearingsandmore?_trksid=p4429486.m3561.l161211, and a website accessible at
20  https://industrialresellers.com/, both of which are accessible in California.

21       8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391, in that De-
22  fendants reside in this judicial district.

23       9.    This action arises out of Defendants' unauthorized use of Schaeffler's
24  federally registered trademarks FAG®, INA®, and X-LIFE® on and in connection
25  with certain bearing products that, upon information and belief, are not genuine
26  Schaeffler products, and, indeed, upon further information and belief, are counterfeit.
27  Defendants' unauthorized use of the terms "FAG", "INA", and "X-LIFE" on and in
28  connection with the advertising, promotion, marketing, distribution, offer for sale,

and sale of such counterfeit products infringes Schaeffler's rights in its FAG®, INA®, and X-LIFE® trademarks. The use of "FAG", "INA", and "X-LIFE" by Defendants on products not manufactured by Schaeffler implies falsely, deceptively, and confusingly that the products Defendants are advertising, promoting, marketing, distributing, offering for sale, and selling originate with Schaeffler or are in some way associated with, licensed by, or otherwise sponsored or approved by Schaeffler.

10.    By this Complaint Schaeffler seeks preliminary and permanent injunctive relief, and damages pursuant to Sections 32, 34, 35, 36, and 43(a) of the Lanham Act, 35 U.S.C. §§ 1114, 1116, 1117, 1118, and 1125(a).

## BACKGROUND FACTS

### A.    Schaeffler, Its Products, and Its Trademarks

11.    Schaeffler is a global manufacturing company employing more than 76,000 employees and generating more than €10 billion in sales annually. Schaeffler's North American business employs over 6,400 individuals and has more than $498 million in annual sales.

12.    In the United States, as noted *supra*, Schaeffler does business under the distinctive brand names FAG®, INA®, LUK®, and X-LIFE®, among others. Schaeffler has operated for over fifty years in North America, and focuses on the automotive, industrial, and aerospace industries, mainly providing bearing products as well as services relating to bearings and other mechanical and industrial components. Schaeffler's FAG®-, INA®-, and X-LIFE®-branded bearings are utilized in nearly every device that contains moving parts, including, without limitation, cars, trucks, busses, trains, motorcycles, airplanes, large-scale mining equipment, and construction equipment, among many, many others.

13.    Schaeffler's FAG®-, INA®-, and X-LIFE®-branded bearing products are made to highly precise specifications, and under the strictest control.  The end-use devices into which Schaeffler's FAG®-, INA®-, and X-LIFE®-branded bearing products are placed demand that the bearings and their components be of the highest

1    quality in order for such devices to function in their intended manner.  Failure of a

2    bearing in an automobile, bus, motorcycle, truck, ship, airplane, or train, for example,

3    could have disastrous consequences from both safety and economic perspectives.

4        14.    Schaeffler (either itself or through its predecessors-in-interest) has used

5    the trademark FAG® in the United States since at least as early as 1962, and through

6    its predecessors-in-interest has obtained several federal trademark registrations for

7    the mark, including, without limitation, United States Trademark Registration num-

8    bers 759,980; 759,957; 759,908; and 3,673,117.  These registrations were issued in

9    the early 1960s and are still in good standing, in full force and effect, and, by assign-

10   ment, are owned by Schaeffler.  In addition, Schaeffler is the owner of United States

11   Trademark Registration No. 4,103,952, which registration covers the appearance of

12   the packaging used by Schaeffler for some of its FAG®-branded products.  Attached

13   hereto as Exhibit 1 are copies of these Federal trademark registrations together with

14   print outs from the United States Patent & Trademark Office's on-line database

15   showing their current status.  Collectively, the aforementioned FAG® trademarks are

16   hereinafter referred to as the "FAG® Trademarks".  In addition, many of Schaeffler's

17   FAG®-branded products also bear the trademark X-LIFE®.  The X-LIFE trademark

18   is also registered with the United States Trademark Office for use in connection with

19   "machine parts, namely, roller bearings and parts thereof", which registration issued

20   in 2016, and remains in full force and effect.  A copy of Schaeffler's X-LIFE® regis-

21   tration, together with a printout from the US Trademark Office online database show-

22   ing the registration's current status and title, are also included as part of Exhibit 1.

23       15.    Schaeffler (again, either itself or through its predecessors-in-interest) has

24   used the trademark INA® in the United States since at least as early as 1967, and ei-

25   ther itself or through its predecessors-in-interest has obtained several federal trade-

26   mark registrations for the mark, including, without limitation, United States Trade-

27   mark Registration numbers 673,150; 828,795; 828,796; 2,482,859; 3,623,099; and

28   3,576,373.  These registrations are in good standing, in full force and effect, and, by

1   assignment, are owned by Schaeffler.  Attached hereto as Exhibit 2 are copies of

2   these Federal trademark registrations together with print outs from the United States

3   Patent & Trademark Office's on-line database showing their current status.  Collec-

4   tively, the aforementioned INA® trademarks are hereinafter referred to as the "INA®

5   Trademarks".  Schaeffler's FAG® Trademarks, INA® Trademarks, and X-LIFE®

6   trademark are hereinafter collectively referred to as the "Schaeffler Trademarks".

7       16.   As shown in Exhibits 1 and 2, the registrations for the Schaeffler Trade-

8   marks specifically cover the use of the terms FAG®, INA®, and X-LIFE® for, *inter*

9   *alia*, bearings, bearing assemblies, and components thereof.

10      17.   Each year in the United States, Schaeffler sells tens of millions of dollars

11  of bearing products under the Schaeffler Trademarks, either itself directly, or through

12  numerous authorized distributors of such products.  In addition, Schaeffler spends

13  substantial sums in the United States advertising and promoting its products sold un-

14  der the Schaeffler Trademarks.  Further still, Schaeffler invests heavily in efforts to

15  enforce its trademark rights in the Schaeffler Trademarks.

16      18.   As a result of Schaeffler's long-term use and extensive sales of bearing

17  products carrying the distinctive FAG® Trademarks and INA® Trademarks, those

18  trademarks have become famous and well known to consumers and to the trade, iden-

19  tifying Schaeffler as the exclusive and unique source of the bearing products to which

20  the trademarks are applied or with which they are associated.  Such fame and notori-

21  ety substantially pre-date the activities of Defendants as complained of herein.  Con-

22  sumers have come to recognize that products sold under the Schaeffler Trademarks

23  are of high quality, and as a result, the Schaeffler Trademarks have acquired great

24  value and goodwill.

25  **B.   *Defendants' Infringing Activities***

26      19.   In light of the success of the products sold by Schaeffler under the

27  Schaeffler Trademarks, and in view of the need for such products in a wide range of

28  industries, Schaeffler has needed to be vigilant in ensuring that counterfeit products

bearing the Schaeffler Trademarks are identified and, where possible, seized and destroyed.  Indeed, in recent years Schaeffler has, *inter alia*, successfully filed lawsuits and sent numerous cease-and-desist letters to address the issue of counterfeit products.

20.     As part of Schaeffler's ongoing counterfeit discovery enforcement efforts, Schaeffler's review of the Internet and, in particular eBay, uncovered the storefront My Bearings and More which storefront identifies "right-path" as the seller and which storefront was displaying images of products purporting to be genuine FAG®-branded products, and offering those products for sale.  In order to determine more information about the products being offered under the FAG® brand name, Schaeffler retained an investigator to place an order for such product.  Attached hereto as Exhibit 3 is a copy of the purchase documentation, which documentation depicts an image of the bearing in what purports to be genuine FAG® packaging.  Upon receipt of the product, which, as reflected in the documentation attached hereto as Exhibit 4, shows the FAG® trademark and the X-LIFE® trademark, Schaeffler analyzed the product and determined it to be counterfeit as reflected in the report attached hereto as Exhibit 5.  As noted in Exhibits 3 and 4, notwithstanding the fact that the bearing was ordered from defendant My Bearings and More, the return address on the packaging for the shipment identified Defendant Industrial Resellers.

21.     Upon confirming the counterfeit nature of the FAG®-branded bearing obtained from Defendants, counsel for Schaeffler sent a demand letter to Industrial Resellers at the address identified in the shipment.  A copy of that letter, together with a copy of a follow-up to that letter are attached hereto as Exhibit 6.  No response to either of those letters was received.

22.     During August and September 2023, Schaeffler conducted an additional investigation with respect to Defendants in an effort to obtain further information with respect thereto.  As a result of that investigation, Schaeffler discovered the website at https://industrialresellers.com/, a postal box at a UPS store in Ontario,

1    California serving as an address associated with Defendants, as well as what, on in-

2    formation and belief, is believed to be the residential address for Mr. Kovach, also in

3    Ontario, California.  In September 2023, demand letters were sent to the UPS box as

4    well as to Mr. Kovach's home address.  Copies of those letters are attached hereto as

5    Exhibit 7.  No response to either of those letters was received.

6        23.    In October 2023, Schaeffler initiated takedown requests on the eBay

7    marketplace via eBay's VeRO takedown mechanism.  These efforts successfully re-

8    moved 36 of the 38 infringing offerings identified by Schaeffler.  No communication

9    from Defendants was received in response to those takedowns.

10       24.    In January 2024, a review by Schaeffler of the website accessible at

11   https://industrialresellers.com/ uncovered a suspect bearing offered under the INA®

12   brand name.  On information and belief, the bearing offered was of the type that had

13   previously been removed from the My Bearings and More eBay storefront due to its

14   counterfeit nature.  The referenced industrialresellers.com website reveals references

15   tying the website to the My Bearings and More eBay store (including, for example, a

16   link on the website directly to the eBay store – https://www.ebay.com/str/my-

17   bearingsandmore).

18       25.    In order to ascertain the exact nature of the product being offered via the

19   https://industrialresellers.com/ website, Schaeffler initiated a purchase of the product.

20   That purchase was received, reviewed, and analyzed, and determined to be counter-

21   feit.  *See* Exhibit 8 hereto.

22       26.    On information and belief, Defendants are continuing to offer counterfeit

23   products under one or both of the Schaeffler Trademarks.  Indeed, in February 2024,

24   Schaeffler identified additional infringing FAG®-branded products being offered,

25   and successfully sought takedowns of those products using eBay's VeRO takedown

26   mechanism.

27

28

27.    Notwithstanding the multiple cease and desist letters sent to Defendants, notwithstanding the multiple takedowns secured by Schaeffler regarding counterfeit merchandise offered through online retailers, as recently as February 2025, Defendants continue to offer for sale and sell counterfeit FAG®-, INA®-, and X-LIFE®-branded bearings.  As reflected in Exhibits 9 and 10 hereto, Schaeffler, through its investigator, placed orders from Defendants based on offerings made via Defendants' online marketplace.  These orders were filled by Defendants and the products shipped by Defendants were analyzed by Schaeffler and determined to be counterfeit.

28.    On information and belief, Defendants are and have been aware of the fame of the FAG®, INA®, and X-LIFE® names and the valuable goodwill associated with Schaeffler's FAG®, INA®, and X-LIFE® trademarks since long before Defendants began advertising, promoting, marketing, distributing, offering for sale, and selling the counterfeit bearings referenced in paragraphs 19-27 herein.

29.    Defendants' advertising, promotion, marketing, distribution, offer for sale, and sale of non-genuine bearings displaying the famous and distinctive FAG® trademark, the famous and distinctive INA® trademark, and/or the X-LIFE® trademark is likely to cause confusion, mistake, or deception as to the source or sponsorship of the products sold and distributed by Defendants.  Such advertising, promotion, marketing, distribution, offer for sale, and sale by Defendants is also likely to cause injury to the business reputation of Schaeffler, in that the public and the trade are likely to believe that the counterfeit product sourced through Defendants is genuine FAG®-branded, INA®-branded, or X-LIFE®-branded product, that such product originates with Schaeffler, and/or that such product was in some manner authorized or approved by Schaeffler.  As a result, such advertising, promotion, marketing, distribution, offer for sale, and sale infringes and dilutes Schaeffler's famous and distinctive FAG® and INA® Trademarks, infringes the X-LIFE® trademark, and amounts to unfair competition with Schaeffler.

30.    Further still, the advertising, promotion, marketing, distribution, offer for sale, and sale by Defendants of the above-described inferior, counterfeit FAG®-, INA®-, and X-LIFE®-branded bearings is likely to cause harm to the end users of such bearings in that the failure of such bearings will result in, *inter alia*, equipment down-time and the necessity for repairs.  Such end-user harm directly and negatively impacts Schaeffler's reputation, and the goodwill associated with Schaeffler, the FAG®, INA® and X-LIFE® trademarks, and the FAG®, INA®, and X-LIFE® brands.

31.    Accordingly, on information and belief, Defendants' advertising, promotion, marketing, distribution, offer for sale, and sale of counterfeit FAG®-, INA®-, and X-LIFE®-branded bearing products and Defendants' resulting unauthorized use of the registered FAG®, INA® and X-LIFE® trademarks in connection with such advertising, promotion, marketing, distribution, offer for sale, and sale has resulted in, and will continue to result in, irreparable damage to Schaeffler for which there is no adequate remedy at law.  On further information and belief, unless permanently enjoined, Defendants will continue to advertise, promote, market, distribute, offer for sale, and sell the counterfeit FAG®-branded, INA®-branded, and/or X-LIFE® branded bearing products thereby causing consumer confusion as well as lost sales to Schaeffler, resulting in substantial, irreparable harm to Schaeffler, to the public, and to the FAG®, INA®, and X-LIFE® trademarks.

## FIRST CAUSE OF ACTION

### (Federal Trademark Infringement – FAG® Trademarks)

32.    This claim for is a claim for trademark infringement arising under the Trademark Laws of the United States, Lanham Act Section 32, 15 U.S.C. § 1114. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1338.

33.    Schaeffler incorporates by reference the allegations set forth in paragraphs 1 through 31 of this Complaint with the same force and effect as if set forth herein in their entirety.

34.    Defendants' advertising, promotion, marketing, distribution, offer for sale, and sale of counterfeit bearing products displaying the registered FAG® Trademarks is likely to cause confusion in the minds of the public and is likely to cause mistake or to deceive persons into the erroneous belief that the bearing products Defendants are advertising, promoting, marketing, distributing, offering for sale, and selling are genuine FAG® products, emanating from, or associated with, endorsed, authorized, or sponsored by Schaeffler, or that such products are connected in some way with Schaeffler.

35.    The Defendants' acts and conduct set forth above constitute willful infringement of Schaeffler's FAG® Trademarks.

36.    The Defendants' use of the term "FAG" in the manner described herein trades on the goodwill Schaeffler has developed in its distinctive FAG® Trademarks and such acts damage the rights of Schaeffler in its FAG® Trademarks and the goodwill represented thereby, all to the detriment of Schaeffler.

37.    The Defendants' aforesaid acts constitute trademark infringement of Schaeffler's FAG® Trademarks and have damaged Schaeffler and will, unless enjoined, further impair, or destroy the value of Schaeffler's goodwill and registered trademarks.

38.    The Defendants' aforesaid acts are in violation of 15 U.S.C. § 1114 and Defendants are liable to plaintiff for damages. The Defendants' acts have caused and will continue to cause further irreparable injury to Schaeffler if Defendants are not restrained by this Court from further violations of Schaeffler's rights.

39.    Schaeffler has been irreparably injured by the Defendants' aforesaid acts and has no adequate remedy at law.

/ / /

/ / /

## SECOND CAUSE OF ACTION

### (Federal Trademark Infringement – INA® Trademarks)

40.     This a claim for is a claim for trademark infringement arising under the Trademark Laws of the United States, Lanham Act Section 32, 15 U.S.C. § 1114. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1338.

41.     Schaeffler incorporates by reference the allegations set forth in paragraphs 1 through 39 of this Complaint with the same force and effect as if set forth herein in their entirety.

42.     Defendants' advertising, promotion, marketing, distribution, offer for sale, and sale of counterfeit bearing products displaying the registered INA® Trademarks is likely to cause confusion in the minds of the public and is likely to cause mistake or to deceive persons into the erroneous belief that the bearing products Defendants are advertising, promoting, marketing, distributing, offering for sale, and selling are genuine INA® products, emanating from, or associated with, endorsed, authorized, or sponsored by Schaeffler, or that such products are connected in some way with Schaeffler.

43.     The Defendants' acts and conduct set forth above constitute willful infringement of Schaeffler's INA® Trademarks.

44.     The Defendants' use of the term "INA" in the manner described herein trades on the goodwill Schaeffler has developed in its distinctive INA® Trademarks and such acts damage the rights of Schaeffler in its INA® Trademarks and the goodwill represented thereby, all to the detriment of Schaeffler.

45.     The Defendants' aforesaid acts constitute trademark infringement of Schaeffler's INA® Trademarks and have damaged Schaeffler and will, unless enjoined, further impair, or destroy the value of Schaeffler's goodwill and registered trademarks.

46.    The Defendants' aforesaid acts are in violation of 15 U.S.C. § 1114 and Defendants are liable to plaintiff for damages. The Defendants' acts have caused and will continue to cause further irreparable injury to Schaeffler if Defendants are not re-strained by this Court from further violations of Schaeffler's rights.

47.    Schaeffler has been irreparably injured by the Defendants' aforesaid acts and has no adequate remedy at law.

## THIRD CAUSE OF ACTION

### (Federal Trademark Infringement – X-LIFE® Trademark)

48.    This a claim for is a claim for trademark infringement arising under the Trademark Laws of the United States, Lanham Act Section 32, 15 U.S.C. § 1114. Ju-risdiction is founded upon 28 U.S.C. §§ 1331 and 1338.

49.    Schaeffler incorporates by reference the allegations set forth in para-graphs 1 through 47 of this Complaint with the same force and effect as if set forth herein in their entirety.

50.    Defendants' advertising, promotion, marketing, distribution, offer for sale, and sale of counterfeit bearing products displaying the registered X-LIFE® Trademark is likely to cause confusion in the minds of the public and is likely to cause mistake or to deceive persons into the erroneous belief that the bearing prod-ucts Defendants are advertising, promoting, marketing, distributing, offering for sale, and selling are genuine X-LIFE® products, emanating from, or associated with, en-dorsed, authorized, or sponsored by Schaeffler, or that such products are connected in some way with Schaeffler.

51.    The Defendants' acts and conduct set forth above constitute willful in-fringement of Schaeffler's X-LIFE® Trademark.

52.    The Defendants' use of the term "X-LIFE" in the manner described herein trades on the goodwill Schaeffler has developed in its distinctive X-LIFE® Trademark and such acts damage the rights of Schaeffler in its X-LIFE® Trademark and the goodwill represented thereby, all to the detriment of Schaeffler.

53.    The Defendants' aforesaid acts constitute trademark infringement of Schaeffler's X-LIFE® Trademark and have damaged Schaeffler and will, unless enjoined, further impair, or destroy the value of Schaeffler's goodwill and registered trademarks.

54.    The Defendants' aforesaid acts are in violation of 15 U.S.C. § 1114 and Defendants are liable to plaintiff for damages. The Defendants' acts have caused and will continue to cause further irreparable injury to Schaeffler if Defendants are not restrained by this Court from further violations of Schaeffler's rights.

55.    Schaeffler has been irreparably injured by the Defendants' aforesaid acts and has no adequate remedy at law.

## FOURTH CAUSE OF ACTION

### (Federal Unfair Competition and False Designation of Origin)

56.    This is a claim for unfair competition and false designation of origin arising under the Trademark Laws of the United States, Lanham Act Section 43(a) (15 U.S.C. § 1125(a)), for Defendants' intentional unauthorized use in commerce of a colorable imitation of Schaeffler's distinctive FAG® Trademarks, INA® Trademarks, and X-LIFE® Trademark.  Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1338.

57.    Schaeffler incorporates by reference the allegations set forth in paragraphs 1 through 55 of this Complaint with the same force and effect as if set forth herein in their entirety.

58.    The Defendants' unauthorized use of Schaeffler's Schaeffler Trademarks (as defined herein) in connection with the advertising, promotion, marketing, distribution, offer for sale, and sale of counterfeit bearings is likely to cause confusion in the minds of the public with Schaeffler's bearing products, and is likely to cause mistake or to deceive persons into the erroneous belief that the products being offered for sale by Defendants emanate from, are associated with, or are endorsed, authorized, or

1  sponsored by Schaeffler, or that Defendants are connected in some way with

2  Schaeffler.

3     59.   The Defendants' acts and conduct set forth above constitute willful un-

4  fair competition with Schaeffler, and have been without the leave, license, or permis-

5  sion of Schaeffler.

6     60.   The Defendants' aforesaid acts constitute false designation of origin and

7  are in violation of 15 U.S.C. § 1125(a).

8     61.   Schaeffler has been and is likely to continue to be damaged by Defend-

9  ants' continued unfair competition and use of this false designation of origin.

10    62.   Schaeffler has been irreparably injured by Defendants' aforesaid acts

11  and has no adequate remedy at law.

12                    **FIFTH CAUSE OF ACTION**

13                  **(Federal Trademark Dilution)**

14    63.   This is a claim for trademark dilution arising under the Trademark Laws

15  of the United States, Lanham Act Section 43(c) (15 U.S.C. § 1125(a)), for Defend-

16  ants' intentional unauthorized use in commerce of a colorable imitation of

17  Schaeffler's famous and distinctive FAG® Trademarks and INA® Trademarks.  Ju-

18  risdiction is founded upon 28 U.S.C. §§ 1331 and 1338.

19    64.   Schaeffler incorporates by reference the allegations set forth in para-

20  graphs 1 through 62 of this Complaint with the same force and effect as if set forth

21  herein in their entirety.

22    65.   As set forth herein, since long prior to Defendants' first use of the terms

23  "FAG" and "INA" in connection with the marketing, advertising, promotion, distri-

24  bution, offer for sale, and sale of the unauthorized, counterfeit bearing products that

25  are the subject of this action, Schaeffler has widely used its distinctive Schaeffler

26  Trademarks (as defined herein) in interstate commerce.  Such use by Schaeffler has

27  included substantial advertising and promotion featuring the Schaeffler Trademarks

28  throughout the United States, including in California.  Moreover, Schaeffler has

1  enjoyed substantial sales of its FAG®- and INA®-branded products.  As a result,

2  Schaeffler's distinctive FAG® and INA® trademarks have become famous and well

3  known to the consuming public within the meaning of 15 U.S.C. § 1125(c)(2)(A).

4  Such fame attached well prior to the first use of by Defendants of the names "FAG"

5  and "INA" in connection with the advertising, promotion, marketing, distribution, of-

6  fer for sale, and sale of counterfeit bearings as described herein.

7      66.    In view of view of the fame of the distinctive Schaeffler Trademarks,

8  Defendants' activities are likely to dilute, have diluted, and will continue to dilute the

9  distinctive quality of the Schaeffler Trademarks by lessening their capacity to identify

10  and distinguish the goods sold by Schaeffler under those trademarks, all in violation

11  of 15 U.S.C. § 1125(c).

12      67.    Defendants' activities were done willfully with an intent to trade on

13  Schaeffler's reputation and to cause dilution of the famous and distinctive Schaeffler

14  Trademarks.

15      68.    As a result of Defendants' conduct, Schaeffler has been and will con-

16  tinue to sustain substantial damages and irreparable injury for which there is no ade-

17  quate remedy at law.

## SIXTH CAUSE OF ACTION

### (Unfair Competition Under The Common Law of the State of California)

20      69.    This is a claim for unfair competition arising under the common law of

21  the state of California.  This Court has supplemental jurisdiction under 28 U.S.C. §

22  1367 over this claim which is so related to the other claims in this action which are

23  within the original jurisdiction of this Court that they form part of the same case or

24  controversy.

25      70.    Schaeffler incorporates by reference the allegations set forth in para-

26  graphs 1 through 68 of this Complaint with the same force and effect as it set forth

27  herein in their entirety.

28

71.     Defendants' conduct and acts as alleged herein have violated general principles of law and equity, constitute unfair competition under the laws of the State of California, and have diluted Scheffler's valuable trademark rights.  Such conduct and acts have caused irreparable injury to Schaeffler and will continue to cause injury unless enjoined by this Court.

72.     As a result of the wrongful conduct and acts of Defendants as alleged herein, Defendants have been unjustly enriched and Schaeffler has been irreparably injured.

73.     Schaeffler has no adequate remedy at law.

## SEVENTH CAUSE OF ACTION

### (Unfair Competition Under Cal. Bus. & Prof. Code §17200, *et seq.*)

74.     This is a claim for unfair competition arising under California Business & Professional Code, §17200, *et seq*.  This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over this claim which is so related to the other claims in this action which are within the original jurisdiction of this Court that they form part of the same case or controversy.

75.     Schaeffler incorporates by reference the allegations set forth in paragraphs 1 through 73 of this Complaint with the same force and effect as it set forth herein in their entirety.

76.     Defendants' fraudulent conduct and acts as alleged herein have violated general principles of law and equity, constitute unfair competition under the laws of the State of California.  Such conduct and acts have caused damage and irreparable injury to Schaeffler and will continue to cause damage and injury unless enjoined by this Court.

77.     As a result of the fraudulent and wrongful conduct and acts of Defendants as alleged herein, Defendants have been unjustly enriched and Schaeffler has been irreparably damaged and injured.

78.    As a result of the fraudulent and wrongful conduct as alleged herein, Schaeffler is entitled to restitution in the amount to be determined, as well as injunctive relief.  Schaeffler is also entitled to recover reasonable attorney's fees and costs as set forth in Cal. Code Civ. Proc.  §1021.5.

79.    Schaeffler has no adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff Schaeffler Technologies AG & Co., KG asks this Court to:

1.    Grant preliminary and permanent injunctions both in the United States and wherever Defendants are or may be advertising, marketing, promoting, distributing, offering for sale, or selling FAG®-, INA®- and/or X-LIFE®-branded products, prohibiting Defendants, including, without limitation, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them, from in any manner, directly or indirectly:

a.    using any false designation of origin or false description (including, without limitation, any letters, symbols, or packaging) which can, or is likely to, lead the trade or consuming public, or individual members hereof, to believe that any product advertised, marketed, promoted, distributed, offered for sale or sold by Defendants (or any of them) is in any manner associated or connected with, is manufactured, sold, licensed, approved, sponsored, or authorized by Schaeffler;

b.    importing, exporting, making, selling, marketing, advertising, promoting, distributing, offering for sale, or selling products bearing any trademark which implies or suggests that such products originated from or are in any manner associated or are connected with,

1    manufactured, sold, licensed, approved, sponsored, or authorized by

2    Schaeffler;

3    c.   causing likelihood of confusion or of misunderstanding as to the

4    source, sponsorship or approval of the products Defendants are ad-

5    vertising, marketing, distributing, offering to sell and/or selling;

6    d.   engaging in any act or acts causing or likely to cause the trade or

7    consuming public, or any member thereof, to believe that Defend-

8    ants' products are in any manner associated with or are connected

9    with, manufactured, sold, licensed, approved, sponsored, or author-

10    ized by Schaeffler;

11    e.   imitating, copying, counterfeiting, simulating, or making any other

12    unauthorized use of Schaeffler's FAG® Trademarks and any logos

13    or packaging associated therewith (including, without limitation, in-

14    ternet, and social media use);

15    f.   imitating, copying, counterfeiting, simulating, or making any other

16    unauthorized use of Schaeffler's INA® Trademarks and any logos or

17    packaging associated therewith (including, without limitation, inter-

18    net, and social media use);

19    g.   imitating, copying, counterfeiting, simulating, or making any other

20    unauthorized use of Schaeffler's X-LIFE® trademark (including,

21    without limitation, internet, and social media use);

22    h.   importing, exporting, circulating, marketing, moving, distributing,

23    offering for sale, selling, or otherwise disposing of any product or

24    product packaging bearing any simulation, reproduction, counterfeit,

25    copy or colorable imitation of Schaeffler's FAG® Trademarks;

26    i.   importing, exporting, circulating, marketing, moving, distributing,

27    offering for sale, selling, or otherwise disposing of any product or

28

COMPLAINT

product packaging bearing any simulation, reproduction, counterfeit, copy or colorable imitation of Schaeffler's INA® Trademarks;

j.  importing, exporting, circulating, marketing, moving, distributing, offering for sale, selling, or otherwise disposing of any product or product packaging bearing any simulation, reproduction, counterfeit, copy or colorable imitation of Schaeffler's X-LIFE® trademark;

k.  shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, destroying, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the FAG® Trademarks, the INA® Trademarks, or the X-LIFE® trademark;

l.  destroying or otherwise disposing of the packaging, advertising and/or promotional material relating to the products referenced in sub-paragraphs (a) through (k) above, or any documents or computer files or records pertaining to any of them or their acquisition or to the sale or use of said products, packaging, advertising, and/or promotional material heretofore made;

m.  using, linking to, transferring, selling, exercising control over, or otherwise owning any online marketplace accounts, the e-commerce eBay stores owned by or otherwise associated with any of the Defendants, or any other online marketplace account that is being used to sell or is the means by which Defendants could continue to advertise, marketing, distribute, offer for sale, or sell products bearing the FAG® Trademarks, the INA® Trademarks, or the X-LIFE® trademark;

COMPLAINT

1         n.   withdrawing, moving, transferring, or otherwise disposing of or bur-

2              dening any funds, currency, or other monetary value contained in

3              their respective marketplace accounts with eBay, PayPal, Visa, Mas-

4              terCard, Discover, or any other payment platform or mechanism;

5         o.   effecting assignments or transfers, forming new entities or associa-

6              tions or utilizing any other device for the purpose of circumventing

7              or otherwise avoiding the prohibitions set forth in its subparagraphs

8              (a) – (n) above; and

9         p.   assisting, aiding, or abetting any other person or business entity in

10             engaging or performing any one or more of the activities referred to

11             in sub-paragraphs (a) through (o) above.

12     2.    Find that Defendants have unfairly competed with Schaeffler by the acts

13 complained of herein.

14     3.    Find that Defendants have engaged in the advertising, marketing, promo-

15 tion, distribution, offering for sale, and selling of counterfeit FAG®-branded prod-

16 ucts.

17     4.    Find that Defendants have engaged in the advertising, marketing, promo-

18 tion, distribution, offering for sale, and selling of counterfeit INA®-branded products.

19     5.    Find that that Defendants have engaged in the advertising, marketing,

20 promotion, distribution, offering for sale, and selling of counterfeit X-LIFE®-

21 branded products.

22     6.    Find that Defendants have infringed Schaeffler's FAG® trademark

23 rights in both the United States and wherever throughout the world Defendants have

24 advertised, promoted, marketed, distributed, offered for sale, and/or sold counterfeit

25 FAG® products as set forth herein and that said acts will damage, dilute, and dimin-

26 ish the distinctiveness of Schaeffler's FAG® Trademarks unless Defendants are en-

27 joined by this Court.

28

COMPLAINT

7.    Find that Defendants have infringed Schaeffler's INA® trademark rights in both the United States and wherever throughout the world Defendants have advertised, promoted, marketed, distributed, offered for sale, and/or sold counterfeit INA® products as set forth herein and that said acts will damage, dilute, and diminish the distinctiveness of Schaeffler's INA® Trademarks unless Defendants are enjoined by this Court.

8.    Find that Defendants have infringed Schaeffler's X-LIFE® trademark rights in both the United States and wherever throughout the world Defendants have advertised, promoted, marketed, distributed, offered for sale, and/or sold counterfeit X-LIFE® products as set forth herein unless Defendants are enjoined by this Court.

9.    Find that Defendants' actions as complained of herein amount to dilution of Schaeffler's famous and distinctive FAG® Trademarks and INA® Trademarks.

10.    Find that Defendants' actions as complained of herein were willful.;

11.    Grant an order requiring Defendants to provide to Schaeffler all documents and things relating to all FAG®-branded products in the possession, custody, or control of Defendants, including, without limitation, all documents relating to Defendants' acquisition of all FAG®-branded products ever acquired by or on behalf of Defendants.

12.    Grant an order requiring Defendants to provide to Schaeffler all documents and things relating to all INA®-branded products in the possession, custody, or control of Defendants, including, without limitation, all documents relating to Defendants' acquisition of all INA®-branded products ever acquired by or on behalf of Defendants.

13.    Grant an order requiring Defendants to provide to Schaeffler all documents and things relating to all X-LIFE®-branded products in the possession, custody, or control of Defendants, including, without limitation, all documents relating to Defendants' acquisition of all X-LIFE®-branded products ever acquired by or on behalf of Defendants.

COMPLAINT

14. Grant an order requiring Defendants to deliver up to Schaeffler or its designated representative(s) for destruction (or disposal in a manner to be dictated by Schaeffler), all product, as well as all promotional, advertising, and packaging material of any kind both within or without the United States bearing (i) Schaeffler's FAG® Trademarks or any colorable imitation thereof, (ii) Schaeffler's INA® Trademarks or any colorable imitation thereof, and/or (iii) Schaeffler's X-LIFE® trademark or any colorable imitation thereof.

15. Hold Defendants jointly and severally liable and award to Schaeffler, for Defendants' violations of Schaeffler's rights as result of the actions complained of herein, damages, attorneys' fees, costs, and/or other recovery as may be permitted under 15 U.S.C. §1117.

16. Grant an order directing that all of Defendants' bank accounts and accounts with online marketplaces including, without limitation, eBay and Amazon, as well as all of Defendants' other assets (monetary, physical, and digital) be immediately frozen until such time as any award to Schaeffler as ordered by this Court pursuant hereto is satisfied.

17. Grant to Schaeffler such other further relief as the Court may deem just and proper under the circumstances.

DATED: March 6, 2025              SHUSTAK REYNOLDS & PARTNERS, P.C.


                                 /s/ Joseph M. Mellano
                                 Joseph M. Mellano, Esq.
                                 *Attorneys for Plaintiff Schaeffler*
                                 *Technologies AG & CO., KG*

COMPLAINT